# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ARTHUR D. MOORE,**
**Respondent Below, Petitioner**

**vs.) No. 23-ICA-88**          (Fam. Ct. Taylor Cnty. No. 18-D-31)

**CHERI L. MOORE,**
**Petitioner Below, Respondent**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Arthur D. Moore appeals the "Order Overruling Objections to Court Order Acceptable for Processing" entered by the Family Court of Taylor County on February 14, 2023. Mr. Moore asserts that the family court erred by adopting Respondent Cheri L. Moore's draft version of the Court Order Acceptable for Processing ("COAP"). Ms. Moore filed a response in support of the family court's decision.[1] Mr. Moore filed a timely reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). The Court has considered the parties' briefs and the record on appeal. For the reasons expressed below, this case is remanded with directions to the family court to enter a new COAP that is consistent with the language included in the parties' property settlement agreement ("Agreement").

The parties were married on April 8, 1994. Mr. Moore served in the U.S. Marine Corps from January 1994 through September 1995. After his military service, Mr. Moore was employed by the U.S. Postal Service from August 1997 through October 2004, for a total of seven years and two months. Due to a work-related back injury, Mr. Moore's employment ended, and he was awarded monthly disability benefits, payable by the Office of Personnel Management. His disability benefits are not retirement benefits; however, when he reaches retirement age, the disability benefits could convert to retirement benefits. During his employment with the U.S. Postal Service, Mr. Moore paid to have his time from the military credited toward his time with the U. S. Postal Service to increase his pay and benefits. After paying for his credit, Mr. Moore's total years of service was eight years and ten months.

---

[1] Mr. Moore is represented by Jefferson L. Triplett, Esq. Ms. Moore is represented by C. Page Hamrick, Esq.

The parties separated on or about August 1, 2018, and subsequently entered into an Agreement on January 21, 2020. Paragraph four (ii) of the Agreement addressed Mr. Moore's disability/retirement benefits, which is the subject of this appeal, and it stated as follows:

> [Mr. Moore] is currently drawing an annuity from FERS. Any portion of [Mr. Moore's] FERS that is for a disability of [Mr. Moore] is the separate property of [Mr. Moore]. [Ms. Moore] shall be entitled to submit a QDRO or a COAP to the Office of Personnel Management to divide any portion of [Mr. Moore's] FERS that is not related to a disability of [Mr. Moore], but rather is a retirement plan. [Mr. Moore] shall be required to advise [Ms. Moore] if and when his FERS becomes a retirement plan.

The family court incorporated the parties' Agreement into a decree of separate maintenance, entered on January 23, 2020. The decree of separate maintenance was then incorporated into a decree of divorce which was entered on October 18, 2021.

In August 2022, Ms. Moore submitted a draft COAP, as contemplated by the Agreement. Mr. Moore filed objections to several provisions contained within the draft COAP as being inconsistent with the parties' Agreement and paid to have his own draft COAP prepared. Specifically, Mr. Moore objected to section five, paragraph one, which stated, "The Former Spouse is also found to be entitled to a former spouse survivor annuity should the Employee predecease the Former Spouse." He further objected to wording contained in section six, paragraph three which made reference to a survivorship annuity. Mr. Moore also objected to section seven of Ms. Moore's draft COAP which stated, "The Former Spouse shall begin receiving her share of the Employee Annuity benefits as soon as administratively feasible after the date that this order is approved . . . ." Mr. Moore maintained that the language in section seven created ambiguity as to the benefits to which Ms. Moore would be entitled, as Ms. Moore is only entitled to possible future retirement benefits, not the disability benefits that Mr. Moore currently receives. Lastly, Mr. Moore objected to section eleven, which stated, "[T]he Former Spouse is hereby awarded the maximum possible former spouse survivor annuity under FERS. The cost of the annuity shall be paid from both the Employee's annuity and from the Former Spouse's share of the employee annuity."

The family court held a hearing on January 11, 2023, and heard arguments from both parties regarding their individual draft COAPs. Ultimately, the family court adopted Ms. Moore's draft COAP by order entered on February 14, 2023. It is from the February 14, 2023, order that Mr. Moore now appeals.

For these matters, we use the following standard of review:

2

"In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, __ W. Va. __, __, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of a family court order).

On appeal, Mr. Moore raises the following three assignments of error:

1. The family court abused its discretion by entering Ms. Moore's draft COAP, which far exceeds the benefits to which she is entitled under law and pursuant to the terms of the parties' Agreement.
2. The family court erred as a matter of law in determining that Ms. Moore is entitled to be designated as the survivorship beneficiary for Mr. Moore's federal retirement benefits.
3. The family court abused its discretion by entering Ms. Moore's draft COAP, which contains ambiguous language that can be construed by the Plan Administrator to commence payment of benefits to Ms. Moore upon entry of the COAP, long before Mr. Moore's retirement benefits would begin.

In sum, Mr. Moore contends that the language in the COAP adopted by the family court is in direct contravention with the Agreement that was previously incorporated into the parties' final divorce decree. Upon review, we agree with Mr. Moore.

Ms. Moore maintains that nothing in the divorce order denies her the former spouse survivorship annuity and that Mr. Moore did not compensate her for the waiver of said benefits. Based upon these contentions, Ms. Moore believes she is entitled to receive survivorship annuity benefits and that Mr. Moore should be required to pay for half of the cost of the survivorship annuity. In support of her argument, Ms. Moore cites to *Smith v. Smith*, 190 W. Va. 402, 438 S.E.2d 582 (1993).[2] However, Ms. Moore's reliance on *Smith* is misguided. Any benefits that Mr. Moore receives in the case at bar, unlike in *Smith*, will be administered through the Federal Employees Retirement System ("FERS") and the Office of Personnel Management ("OPM"), not FUSFSPA. Additionally, in the present

---

[2] In *Smith*, 190 W. Va. at 402, 438 S.E.2d at 582, the Supreme Court of Appeals of West Virginia held that the ex-spouse was entitled to be designated as the survivorship beneficiary for her spouse's military pension, which was administered through the Federal Uniform Services Former Spouses Protection Act ("FUSFSPA"), 10 U.S.C. § 1408 (1983).

case, Mr. Moore is currently ineligible for a survivorship annuity because he has not completed ten years of creditable civil service, as required by the OPM.[3] Ms. Moore is requesting a benefit that is yet to exist and may never exist.

In addition to Mr. Moore not having the required ten years of creditable service, the parties' Agreement did not include a provision that would entitle Ms. Moore to receive survivorship annuity benefits. Pursuant to the parties' Agreement, Ms. Moore is only entitled to receive a portion of Mr. Moore's retirement benefits once he reaches the age of retirement, but she is not entitled to a portion of Mr. Moore's disability benefits or a survivorship annuity. The COAP adopted by the family court exceeded the parties' Agreement regarding the type of benefits Ms. Moore is entitled to receive, as well as the timeframe in which she would be entitled to receive them.

After review of the record, we find that the family court was clearly wrong in that its February 14, 2023, order is inconsistent with the parties' Agreement. Ms. Moore's rights and benefits were set forth in the parties' Agreement but are not accurately reflected in the February 14, 2023, order. Per the Agreement, Ms. Moore is not entitled to survivorship annuity benefits or disability benefits, and would only be eligible for a portion of Mr. Moore's retirement benefits when he reaches the age of sixty-two. Therefore, the family court's final order and COAP must be amended to accurately reflect the benefits to which Ms. Moore is entitled under the parties' Agreement.

Accordingly, we remand this matter to the family court with directions to issue a new order that is consistent with the parties' Agreement.

Remanded with directions.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[3] Under FERS, a survivorship annuity is payable only if the employee has ten years of creditable service. U.S. Off. of Pers Mgmt., *Court-Ordered Benefits for Former Spouses* (2014).